■ ARLENE GERSHOWITZ, Also Known as ARLENE HAHN, Respondent, v MICHAEL V. GERSHOWITZ, Appellant.—Order of the Supreme Court, New York County (Hortense W. Gabel, J.), entered on or about May 1, 1984, which, *inter alia,* denied the motion by defendant to enjoin plaintiff from using the name "Matthew Hahn-Gershowitz" for their son, is reversed, on the law, to the extent appealed from, and the motion granted, without costs or disbursements.

The parties herein were married in October of 1974, and their son, whose name appears on his birth certificate as Matthew William Hahn Gershowitz, was born the following year. By 1977, the couple had parted with a subsequent marriage following for each of them. Pursuant to their 1977 separation agreement, plaintiff was to have custody of the child, and liberal visitation rights were accorded to defendant. The agreement provided, moreover, that the "wife agrees not to change the surname of the child, formally or informally, without the husband's express written assent thereto." How-

ever, in November of 1983, defendant learned that the boy's surname had been changed, without his consent, from "Gershowitz" to "Hahn-Gershowitz". He thereafter notified plaintiff of his objection, but she failed to restore the original name, and, according to defendant, she began to restrict his established pattern of visitation with Matthew. The instant action ensued. In denying defendant's request for an injunction to compel plaintiff to rescind Matthew's name change, Special Term concluded that no change of name had, in fact, occurred here. The court also stated that "it is increasingly common for a child to be known by his mother's maiden name as well as that of the father. This is not a situation where a divorced wife, upon re-marriage, attempts to give the child the surname of his stepfather, against the desires of the natural father".

Although there does not appear to be any New York authority relating to the issue of whether the insertion of a hyphen between a middle and last name constitutes a change in surname, appellate courts in other jurisdictions have treated an application to hyphenate a child's surname in order to add the mother's maiden name as change of name matter. (*See, Matter of Saxton,* 309 NW2d 298 [Minn], *cert denied* 455 US 1034; *Laks v Laks,* 25 Ariz App 58, 540 P2d 1277.) In this case, the record indicates that the boy had previously been known as Matthew William Hahn Gershowitz, Matthew W. H. Gershowitz or Matthew Gershowitz, and not Matthew Hahn-Gershowitz. While it is true that the addition of the mother's name is not precisely the same as simply introducing a hyphen into an already existing name, the plaintiff's unilateral action in joining the middle and last names by a hyphen creates a new last name, Hahn-Gershowitz. This violates the section of the separation agreement which expressly prohibits a change of name without the father's approval. Further, Civil Rights Law § 60 mandates that a parent seeking to change the name of his or her minor child petition the court for permission. Since plaintiff did not obtain such prior judicial consent, defendant's motion should have been granted. Concur—Ross, J. P., Asch, Bloom and Milonas, JJ.

Ellerin, J., dissents in a memorandum as follows: I would affirm the determination of the court below that no change of name has occurred here.

There is no dispute about the fact that the last two names on the child's birth certificate are "Hahn Gershowitz". This would indicate the intention of the parties at the time of the

child's birth to have his name reflect both his maternal as well as his paternal heritage and is consistent with what the court below described as the increasingly common practice of having a child be known by his mother's maiden name as well as that of the father. In this instance the hyphenated use of the name is, in essence, merely a formalization of the earliest intention of the parties while they were living together and when their concern for the child's future was uncolored by the acrimony and bitterness that, unfortunately, all too frequently attend upon the actions of parents once the marital bonds are "rendered asunder".

I do not believe that the provision in the separation agreement, with respect to a change in the surname of the child requiring the husband's express written assent, was intended to cover this situation. Rather, as the court below noted, it was intended to proscribe any attempt to give the child the surname of a stepfather. That would certainly be a valid concern, particularly in a case such as this, where both parties have remarried. Indeed, it is precisely because the mother, who has custody of the child, has remarried that the use of the joint maternal-paternal surnames of the natural parents should not be disturbed.

The child has concededly used the name in its hyphenated form for the past two years and this court should not permit the partisan hostilities accompanying the disintegration of the prior marital relation to interfere with the use of the full name that the child was given at birth and which does no more than acknowledge that the child has a mother as well as a father.